IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN CISNEROS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 3:06-0190 |
| ) | JUDGE HAYNES |
| JAMAL RANDALL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Martin Cisneros, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Jamal Randall, the Metropolitan Government of Nashville and Davidson County ("Metro"), and the State of Tennessee ("State"). Plaintiff's claims arise from his arrest on February 13, 2003 and subsequent prosecution for which he was acquitted on April 21, 2004. Plaintiff asserts claims under the First, Fourth and Eighth Amendments to the United States Constitution for false arrest, false imprisonment and malicious prosecution. The Court has jurisdiction to hear this action under 28 U.S.C. § 1343.

Before the Court are Defendant Randall's and Metro's joint motion to dismiss (Docket Entry No. 10) and the State's motion to dismiss (Docket Entry No. 13). In their motions, the Defendants contend that Plaintiff's claims are barred by the applicable statute of limitation, the doctrine of res judicata, and insufficient allegations, but the State also asserts that the Eleventh Amendment bars Plaintiff's claims, as the State is not a person suable under § 1983.

The Plaintiff has not filed a response to either motion, but filed his amended complaint. (Docket Entry No. 17). The additional factual allegations in the amended complaint relate to Plaintiff's malicious prosecution claim. The amended complaint is analyzed below.

For reasons set forth below, the Court concludes that Plaintiff's claims are time-barred because the complaint was filed after the applicable statue of limitations period expired. Further, Plaintiff's claims against Defendants Metro and Randall are barred by the doctrine of res judicata, because the same claims against Metro and Randall have previously been litigated and dismissed on the merits in a previous action. Finally, as a matter of law, the State is not a person suable under 42 U.S.C. § 1983. Accordingly, the Defendants' motions to dismiss should be granted.

## A. ANALYSIS OF THE COMPLAINT

Plaintiff's claims arise from his arrest on February 13, 2003, and the subsequent prosecution. (Docket Entry No. 1, Plaintiff's Complaint at 6). In an earlier action, Plaintiff sued Metro Police Officer Jamal Randall and Arthur Hipp. In that action, Plaintiff alleged Randall and Hipp forced their way into his home to arrest him and later beat him in jail. Id. at 4-5. On March 6, 2002, Plaintiff filed his action against Randall and Hipp for excessive force during his arrest and subsequent confinement. Cisneros v. Randall, et al., No. 3:02-00225 (M.D. Tenn. June 25, 2003). (Cisneros I). After the defendants provided evidence that they did not use excessive force during his confinement and the plaintiff failed to respond, this Court granted the defendants' motion for summary judgment and dismissed the action on June 26, 2003 for failure to prosecute. (Docket Entry No. 24, Order granting motion for summary judgment, Cisneros I). Plaintiff appealed and the Sixth Circuit affirmed the dismissal on March 17, 2005. (Docket Entry No. 37, Order from the Sixth Circuit, Cisneros I).

According to his amended complaint in this action, on February 13, 2003, while Plaintiff's original action was pending before this Court, Plaintiff encountered Randall, who was an off-duty guard at a gas station and they had a verbal altercation for ten or fifteen seconds. (Docket Entry No.

2

1, Plaintiff's complaint at 6-7). Plaintiff contends that Randall called 911 and arrested him for "retaliation of a past action." Id. at 7. Plaintiff alleges that Randall and the arresting officers conspired to file this charge against him by looking through "a huge law book" and took him to jail after about 45 minutes or an hour. Id. at 7-8. Allegedly, the night court judge was doubtful that Plaintiff could be charge with an offense, id. at 8, but after about one hour of meeting with Randall and "other prosecutors," the judge agreed with the charge of retaliation for a past action and set Plaintiff's bail at $25,000. Id. On April 21, 2004, a jury found Plaintiff not guilty. Id. Plaintiff alleges job loss and other financial injuries from this series of events.

On July 20, 2004, Plaintiff filed another action against Randall, Metro and State for false arrest, false imprisonment, malicious prosecution in violation of his civil rights. Cisneros v Randall, et al., No. 3:04-00634, (M.D. Tenn. May 17, 2005) (Cisneros II); (Docket Entry No. 11, Defendants Randall and Metro's Memorandum at p. 5; and Docket Entry No. 14, Defendant State's Memorandum at p. 3). This Court granted Defendant Metro's motion to dismiss on the ground that the plaintiff failed to allege a "municipal policy, custom or practice" that caused his alleged injures. (Cisneros II, Docket Entry No. 18, Memorandum at 5-6). This Court also granted Defendant State's motion to dismiss because the plaintiff neither made factual allegations about the State nor explained how this court's jurisdiction over the State could be invoked. Id. at 6-7. Finally, because the Defendant Randall was not properly served under Rule 4(m) of the Federal Rules of Civil Procedure, and the Plaintiff did not show good cause for his failure to effectuate service, this Court dismissed the action without prejudice on September 8, 2005. (Docket Entry NO. 27, Court Order on September 8, 2005, Cisneros II).

On March 3, 2006, Plaintiff filed this action reasserting essentially the same claims as in

3

Cisneros II. (Docket Entry No. 1, Plaintiff's complaint; Docket Entry No. 2, Plaintiff's amended complaint, Cisneros ). On March 17, 2006, Plaintiff's amended complaint attached a written affidavit reflecting the charge against him for retaliation for past action, presumably to support his allegation that his arrest was without probable cause. (Docket Entry No. 6, Plaintiff's Amended Complaint at 2). After the Defendants submitted their motions to dismiss, Plaintiff filed another amended complaint on April 21. (Docket Entry No. 17, Plaintiff's Amendment to Complaint). In this amended complaint, Plaintiff lists the elements of false arrest and alleges that the district attorney "badgered one potential juror [so much that] the judge had to intervene and stop [the district attorney,"] presumably to support his claim of malicious prosecution. Id. at 2.

In sum, Plaintiff alleges that the Defendants acted under color of state law and asserts claims of false arrest, false imprison, maliciously prosecution in violation of his constitutional rights under the First Amendment, the Fourth Amendment and the Eighth Amendment. (Docket Entry No. 17, Plaintiff's Amendment to Complaint at 1-2). Plaintiff seeks actual and punitive damages and injunctive relief against Randall to prevent him from "abusing his status as a metro police officer." (Docket Entry No. 1, Plaintiff's Complaint at 10).

## B. CONCLUSIONS OF LAW

Pro se pleading in civil rights action are liberally construed and are subject to a more lenient standard than pleadings drafted by attorneys. McNeil v. United States, 508 U.S. 106, 113 (1993); Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Yet, pro se plaintiff's are required to comply with rules of pleadings and their complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." F. R. Civ. P. 8. LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1104 (6th Cir. 1995).

4

As to Plaintiff's claims, Defendants argue that these claims are barred by the statute of limitations. The limitations period for an action under 42 U.S.C. § 1983, is defined by the relevant state law. Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003). Under Tennessee law, the applicable state statute of limitations period is one year for civil rights claims arising in Tennessee. Tenn. Code Ann. § 28-3-104(a); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997). A "closely related" issue is the question of tolling of that limitation period that is also governed by relevant state law. Wilson v. Garcia, 471 U.S. 261, 268-69 (1995). Here, Plaintiff's § 1983 claims - false arrest, false imprisonment, malicious prosecution and civil rights violations - arise in Tennessee and therefore the one-year statute of limitations applies. (Docket Entry No. 1, Plaintiff's Complaint at 6-9).

Even after the statute of limitations period expires, the Tennessee saving statute allows plaintiff to refile an action within one year after the action was dismissed on grounds other than the merits. Tenn. Code Ann. § 28-1-105(a) Advey v. Celotex Corp., 962 F.2d 1177 (6th Cir. 1992). Relying on Tennessee decisions, the Sixth Circuit found that "the availability of the saving statue is a function of notice to the defendant and diligence by the plaintiff.." Advey, 962 F.2d at 1182. The test is whether the plaintiff timely files a complaint to put the defendant on notice of Plaintiff's claim. Cronin v. Howe, 906 S.W.2d 910, 912-13 (Tenn. 1995); Foster v. St. Joseph Hosp., 158 S.W. 3d 418, 422 (Tenn. Ct. App. 2004).

While the saving statute does not apply to Plaintiff's claims against Metro and the State that were dismissed on the merits, the savings statute may apply to Plaintiff's claims against Randall that which were dismissed without prejudice in Cisneros II. (Docket Entry No. 19, Court Order entered May 17, 2005; Docket Entry No. 27, Court Order entered September 8, 2005, Cisneros II). The

5

question is whether the Plaintiff timely put Defendant Randall on notice of his claims. Advey, 962 F.2d at 1182; Cronin, 906 S.W. 2d at 912-13. In Cisneros II, Plaintiff failed to serve Defendant Randall and did not show a good cause for the failure to do so. (Docket Entry No. 27, Court Order on September 8, 2005, Cisneros II). Defendant Randall was not placed on notice of Plaintiff's claims until he was properly served by Plaintiff in March 2006 in this action. Therefore, the Court concludes that the Tennessee saving statute is inapplicable to Plaintiff's claims against Randall.

In rare occasions, equitable tolling may suspend the limitations period. Glarner v. Dept. Of veterans Admin., 30 F.3d 697, 702 (6th Cir. 1994); Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). Yet, equitable tolling is inappropriate when Plaintiff "did not argue that he was unaware of the filing requirement, that he has been diligent, or that there was not prejudice to defendants." Mayers v. Cambell, 87 Fed.Appx. 467, 470-471 (6th Cir. 2003). Here, Plaintiff does not assert any such arguments to toll the statute of limitations. Therefore, equitable tolling is inappropriate here.

Since neither the Tennessee saving statue nor equitable tolling applies to Plaintiff's claims, the remaining question is when the statute of limitations period commences. While state law determines the duration of the statute of limitations, federal law governs the accrual of federal civil rights claims. Wilson, 471 U.S. at 267; Servier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984).

The statute of limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 857 (6th Cir. 2003); Sharpe, 319 F.3d at 266. A false imprisonment cause of action accrues when the plaintiff's detention ends. McCune, 842 F.2d at 907; Sanders v. Southards Supermarket, Inc., 2000 U.S. App. LEXIS 23572, No. 99-6105, 2000 WL 1359638 at *2 (6th Cir. 2000). A malicious prosecution claim accrues when the criminal proceedings terminates in the plaintiff's

favor. Heck v. Humphrey, 512 U.S. 477, 489-490 (1994); Dallas v. Holmes, 137 Fed. Appx. 746, 751 (6th Cir. 2005). A claim for false arrest accrues at the time of the arrest. McCune v. Grand Rapids, 842 F.2d 903, 906 (6th Cir. 1988); Black-Hosang v. Ohio Dep't of Pub. Safety, 96 Fed. Appx. 372, 374 (6th Cir. 2004).

Yet, a § 1983 claim may accrue after the criminal charges against the plaintiff are dismissed. Heck, 512 U.S. at 489-490; Shamaeizadeh v. Cunigan, 182 F.3d 391, 399 (6th Cir. 1999); Johnson v. Crowe, et al., 2003 U.S. Dist. LEXIS 249,1 at *13 (E.D. Tenn. 2003) (following the reasoning of Shamaeizadeh, the Court held that the § 1983 action accrues when the criminal charge against the plaintiff was dismissed, and therefore the claims of false arrest, false imprisonment, and malicious prosecution were not time-barred). In Shamaeizadeh, the Sixth Circuit concluded that:

> Surely, just as a convicted prisoner must first seek relief through habeas corpus before his § 1983 action can accrue, so too should the defendant in a criminal proceeding focus on his primary mode of relief - mounting a viable defense to the charge against him - before turning to a civil claim under § 1983. Moreover, if the criminal defendant is eventually convicted, Heck, would often require that a federal court then dismiss without prejudice any § 1983 claims that are filed because they have not yet accrued. We conclude that it is only appropriate that the statute of limitations not begin to run for criminal defendants seeking to file the same § 1983 claims until the disposition of any pending criminal proceedings

Shamzeizadeh, 182 F.3d at 399.

The Court concludes that Plaintiff's § 1983 claims for false arrest, false imprisonment and malicious prosecution relate to a criminal proceeding and accrued when Plaintiff's criminal proceedings were terminated in Plaintiff's favor.

Therefore, Plaintiff's claims for false arrest, false imprisonment and malicious prosecution accrued upon Plaintiff's acquittal on April 21, 2004. (Docket Entry No. 1, Plaintiff's Complaint at

7

6, 8). Plaintiff filed the first complaint in this action on February 3, 2006,[1] almost two years after the termination of criminal proceedings. For the reasons stated earlier, the Court concludes that Plaintiff's claims were filed beyond the one-year statute of limitations period and are time barred.

Plaintiff's claims against Defendants Metro and Randall are also barred by the doctrine of res judicata. The judicial doctrine of res judicata bars parties "from relitigating issues that were or could have been raised in that action." Cromwell v. County of Sac., 94 U.S. 351 (1876). There are two branches of res judicata: claim preclusion and issue preclusion. "Under the claim preclusion branch, an earlier final judgment on the merits precludes a party from raising an issue in new litigation that should have been advanced in the earlier proceedings." City of Cnaton v. Maryland, 766 F.2d 236, 238 (6th Cir. 1985). Claim preclusion bars subsequent lawsuits when: (1) there is a final judgment on the merits; (2) the decision is rendered by a court of competent jurisdiction; (3) parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995); Hayes v. City of Memphis, 108 Fed. Appx. 262 (6th Cir. 2004).

Here, all four elements exist on Plaintiff's claims against Metro and Randall. First, the final judgment was on the merits in Cisneros II, when this Court dismissed the claims against Metro and state for failure to state a claim. See Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir. 1988) ("It is well established that the sustaining of a motion to dismiss for insufficiently of the complaint serves as an adjudication of the merits unless the court specifies otherwise."). Second, this Court's ruling

---

[1] Plaintiff filed the complaint on February 7, 2006, together with an application for in forma pauperis, which was not approved until March 3, 2006. However, even when applying the lenient standard to the pro se party and considering the earlier date for statute of limitations purposes, the complaint was nevertheless filed outside the applicable time period.

8

was within its jurisdiction pursuant to 28 U.S.C. § 1343.[2] Third, Plaintiff and Defendants Metro and Randall are identical parties in both actions. Finally, both actions involve the same claims: false arrest, malicious prosecution, and civil rights violations. Therefore, Plaintiff's claims against Metro and Randall are barred by res judicata doctrine unless any exception applies.

Although mostly invoked in the context of collateral estoppel, courts do recognize an "exception to the application of res judicata [] under federal common law. As a matter of federal law, res judicata principles do not apply 'where the party against whom an earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.'" Fellowship of Christ Church v Thorbun, 758 F.2d 1140, 1144 (6th Cir. 1985) (citing Allen v. McCurry, 449 U.S. 95, 101 S.Ct. at 415, 418 (1980)); see also Santana-Albarran v. Ashcroft, 393 F.3d 699, 704 (6th Cir. 2005). Full and fair opportunity to litigate the claim is generally satisfied with minimum due process under the Fourteenth Amendment. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 (1982); Rainery Bros. Const. Co., Inc. v. Memphis and Shelby County "Bd. Of Adjustment, City of Memphis, Tenn., 178 F.3d 1295, 1999 WL 220128, at *3 (6th Cir. 1999).

Here, there was not any violation of due process in the proceeding of Plaintiff's prior suit against Defendants in Cisneros II. There were nineteen docket entries spanning ten months before the Court dismissed Plaintiff's claims against Metro and the State for failure to state a claim.[3]

---

[2]A dismissal merely for lack of jurisdiction does not have preclusive effect. Holloway v. Brush, 220 F.3d 767, 778 (6th Cir. 2000). However, a dismissal on jurisdictional grounds as well as on the merits will bar a similar action. Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir. 1964). In Cisneros II, the claims against the State were dismissed for failure to allege the requisite jurisdictional facts and also for failure to state a claim. Therefore, the dismissal was on the merits and has preclusive effect.

[3]The Court also provides the Plaintiff plenty of time to correct the service error or show good cause for the failure to do so. (Docket Entry No. 27, Order entered September 8, 2005,

9

(Docket records, Cisneros II,). Therefore, Plaintiff had full and fair opportunity to litigate his claims.

Plaintiff's amended complaint fails to allege facts that would question the application of res judicata. (Docket Entry No. 17, Plaintiff's Amended Complaint). Further, Plaintiff has never alleged the lack of a full and fair opportunity to litigate his claims. Id. As discussed above, Plaintiff's claims against Metro and the State were litigated in Cisneros, a prior suit decided on the merits in a court of competent jurisdiction. The prior suit involved identical parties and the same causes of action, with Plaintiff having a full and fair opportunity to litigate his claims. Therefore, the Court concludes that Plaintiff's claims against Metro and State are barred by the doctrine of res judicata.

Finally, the State correctly contends that it is not a proper party in this Section 1983 action. Will v. Michigan Dept. Of State Police, 49 U.S. 58, 64 (1989).

For the above stated reasons, the Defendants' motions to dismiss should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 17th day of July, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge

---

Cisneros II).

10